UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEDRA LOUIS** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 24-350-JWD-RLB** |
| **LEIDOS, INC.** | |

## RULING AND ORDER

This matter comes before the Court on the *Defendant's Rule 12(b)(2) Motion to Dismiss* ("*MTD*"), (Doc. 12.), filed by Defendant Leidos, Inc., and the *Plaintiff's Motion to Transfer Venue* ("*MTT*"), (Doc. 17-1), filed by Plaintiff Dedra Louis. Defendant argues that this matter should be dismissed for lack of personal jurisdiction, while Plaintiff argues that the Court should transfer the action to a more appropriate forum. For the reasons stated below, the Court grants Plaintiff's *MTT* and denies Defendant's *MTD*.

**I.    FACTUAL BACKGROUND**

Plaintiff alleges that she is a domiciliary of Baton Rouge, Louisiana, employed as a Military and Family Life Counselor by Defendant since November of 2021. (Doc. 1 at ¶¶ 3, 5.) Defendant argues that it is a business incorporated in Delaware with a principal place of business in Virginia, (Doc. 12-1 at 5), which Plaintiff does not dispute, (Doc. 17-1 at 2).

Plaintiff alleges that in June of 2023, she was scheduled for a work assignment in Guam. (Doc. 1 at ¶ 6.) Plaintiff, an African-American woman, was one of five employees in the same role on the Guam assignment; of the others, two were white, one was also African-American, and one was Filipino. (*Id.* at ¶ 7.) All were women. (*Id.*)

Plaintiff alleges that after staying in a hotel for her first week on assignment in Guam, she and one of her white co-workers were given information on their proposed corporate housing. (*Id.* at ¶¶ 10–12.) Both had concerns about safety conditions at the proposed housing, which they

1

voiced to their supervisors. (*Id.* at ¶¶ 13–20, 26.) Plaintiff alleges that while her white co-worker was permitted to continue to stay at a hotel after voicing concerns about the proposed housing, Plaintiff was told that she would still have to move into the proposed corporate housing. (*Id.* at ¶¶ 24–29.) Plaintiff claims that her white co-workers and her Filipino co-worker were all permitted to stay in housing other than the corporate housing following her co-worker's complaint. (*Id.* at ¶¶ 30–34.) Plaintiff asserts that only she and her African-American co-worker were expected to stay in the corporate housing. (*Id.* at ¶ 39.)

Plaintiff claims that she attempted to file internal grievances with her supervisors and with Defendant's human resources department during her time on her Guam assignment. (*Id.* at ¶¶ 42–44.) After approximately two months, Plaintiff was permitted to move to her preferred housing in Guam. (*Id.* at ¶ 46.)

## II.   PARTIES' ARGUMENTS

In its *MTD*, Defendant argues that this Court "lacks personal jurisdiction over Defendant in this matter[]" because Defendant is an out-of-state corporation without minimum contacts in Louisiana for the purposes of this suit. (Doc. 12-1 at 1, 4.) It argues that the Court cannot exercise either general or specific personal jurisdiction over Defendant in this matter. (*Id.* at 4.)

First, Defendant argues, the Court cannot exercise general personal jurisdiction because the Defendant corporation is not "at home" in Louisiana—it has neither its place of incorporation nor its principal place of business in Louisiana. (*Id.* at 4 (citing *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 898 (5th Cir. 2024))). Instead, Defendant claims, its state of incorporation is Delaware, and its principal place of business is Virginia. (*Id.* at 5.)

Second, Defendant argues, the Court cannot exercise specific personal jurisdiction over Defendant because it fails to meet the minimum contacts test as set forth by the Fifth Circuit. (*Id.*

at 5 (quoting *Roussell v. PBF Consultants, LLC*, No. 18-899-JWD-EWD, 2019 U.S. Dist. LEXIS 123895, at *7, 2019 WL 3364321, at *3 (M.D. La. July 25, 2019) (deGravelles, J.) (quoting *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999)))). Defendant argues that the Plaintiff's claims, arising entirely out of events that took place in Guam, fail to establish minimum contacts with Louisiana. (*Id.* at 6.) The mere allegation that Defendant is registered to do business in Louisiana, Defendant argues, is not sufficient. (*Id.*) In addition, Defendant argues, the fairness prong weighs against Plaintiff. (*Id.* at 7.)

Defendant adds in a footnote an argument that because the Court lacks personal jurisdiction over the Defendant in this case, it is also an improper venue for this matter. (*Id.* at 7 n.3.)

Plaintiff does not oppose this motion but has instead filed a motion under 28 U.S.C. § 1404(a) to transfer the case to the Eastern District of Virginia. (Doc. 17-1.) Plaintiff argues that "dismissal of this case is not warranted[]" and "requests a transfer to a district court that would be a proper venue[.]" (*Id.* at 2.) She claims that "[a] transfer under § 1404(a) is permissible, even when personal jurisdiction may be lacking, and is a more efficient and just outcome compared to dismissal." (*Id.*) Plaintiff claims that a dismissal at this stage would "require the Plaintiff to refile her claims in another forum, causing loss of her rights, unnecessary delay, and inefficiency." (*Id.* at 3.)

### III.  LEGAL STANDARDS

#### A.  Personal Jurisdiction

When a nonresident defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013). "The court may consider 'affidavits, interrogatories, depositions, oral testimony,

3

or any combination of the recognized methods of discovery.'" *Road Sprinkler Fitters Local Union No. 669, U.A. AFL-CIO v. CCR Fire Prot., LLC*, No. 16-448-JWD-EWD, 2018 U.S. Dist. LEXIS 103973, at *10–11, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018) (deGravelles, J.) (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985))). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether" a plaintiff has met the burden of showing that personal jurisdiction exists. *Johnston v. Multidata Sys. Int'l. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citations omitted).

In a diversity action, a federal district court may exercise personal jurisdiction over a non-resident if the state's long-arm statute permits the exercise of jurisdiction over that defendant and if the exercise of jurisdiction would comply with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Louisiana's long-arm statute, La. R.S. 13:3201(B), permits courts to exercise personal jurisdiction over non-residents consistent with the Louisiana State Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *A & L Energy, Inc. v. Pegasus Grp.*, 791 So. 2d 1266, 1270 (La. 2001). Only a federal due process analysis is necessary, then, to determine whether personal jurisdiction may be exercised over the defendant.

A court's exercise of personal jurisdiction over a non-resident defendant satisfies due process "where the defendant 'purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.'" *Savoie*

*v. Pritchard*, 122 F.4th 185, 190 (5th Cir. 2024) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001)).

Personal jurisdiction may be either "general" or "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–25 (2011). "Specific" jurisdiction requires an "affiliation between the forum and the underlying controversy" while "general" jurisdiction looks at whether the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Id.* at 919 (cleaned up).

"In deciding whether there is personal jurisdiction, the Court should first determine whether the connection between the forum and the circumstances giving rise to the suit can justify the exercise of specific jurisdiction." *O'Quin v. Fin. Servs. Online, Inc.*, No. 18-36-JWD-RLB, 2018 U.S. Dist. LEXIS 183934, at *17–18, 2018 WL 5316360, at *6 (M.D. La. Oct. 26, 2018) (deGravelles, J.) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014)). The Fifth Circuit has outlined a three-step analysis to determine whether specific jurisdiction is appropriate. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). First, the court must inquire "whether the defendant has minimum contacts with the forum state." *Id.* Second, the court must determine "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Id.* Third, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

**B.    Transfer**

Title 28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed[.]" 28 U.S.C. § 1631.

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Finally, Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Such transfer "is only authorized only if the movant establishes that: '(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of witnesses, and the interests of justice.'" *MAPP, LLC v. Floor & Décor Outlets of Am., Inc.*, No. 23-45-JWD-EWD, 2024 U.S. Dist. LEXIS 40633, at *22, 2024 WL 944227, at *7 (M.D. La. Feb. 21, 2024) (deGravelles, J.) (quoting *O'Quin*, 2018 U.S. Dist. LEXIS 183934, at *30, 2018 WL 5316360, at *10).

### IV.     Analysis

#### A.     The Court Lacks Personal Jurisdiction Over Defendant

There is no true dispute between the parties that this Court lacks personal jurisdiction over this action. With respect to general personal jurisdiction, Plaintiff alleges merely that "Defendant is a corporation registered to do business in Louisiana." (Doc. 1 at ¶ 4.) Defendant presents an affidavit alleging that it is incorporated in Delaware and has its principal place of business in Reston, Virginia. (Doc. 12-2 at 1.) In Plaintiff's *MTT*, she acknowledges that Defendant's principal

6

place of business is in Virginia. (Doc. 17-1 at 2.) She further acknowledges that "this Court may lack personal jurisdiction over the Defendant[.]" (*Id.*)

With respect to specific jurisdiction, all of the alleged facts of this case took place in Guam. (Doc. 1 at ¶¶ 6–46.) Even if Defendant's registration to do business in Louisiana may establish minimum contacts in the state, Plaintiff does not allege that her cause of action in any way arises out of Defendant's contacts with Louisiana. Plaintiff has failed to establish either general or specific jurisdiction over Defendant, and therefore fails to establish personal jurisdiction over Defendant. However, Plaintiff requests that rather than dismiss the case for lack of personal jurisdiction, the Court transfer this matter to the Eastern District of Virginia, where Defendant has its principal place of business. (Doc. 17-1 at 2.)

### B.    A Transfer Is Statutorily Permitted and Will Serve the Interests of Justice

While Plaintiff has invoked only the permissive change of venue statute, § 1404, in light of Plaintiff's request to transfer in lieu of dismissing for lack of personal jurisdiction, the Court looks to Fifth Circuit jurisprudence.

The Fifth Circuit has pointed to multiple statutory grounds for transferring a case in the absence of personal jurisdiction. Most recently, in *Franco v. Mabe Trucking Co.*, the appellate court delved into the statutory interpretation, historical context, and cross-circuit case law surrounding 28 U.S.C. § 1631. 3 F.4th 788, 792–95 (5th Cir. 2021). The Fifth Circuit held that "the use of the term 'jurisdiction in § 1631 encompasses both subject-matter and personal jurisdiction[,]" and that "[t]he statute therefore requires a transfer when a district court lacks either type of jurisdiction and the other statutory prerequisites are met." *Id.* at 795. The appellate court further found that § 1631 and § 1406(a) may work in tandem where "there is both a lack of

7

jurisdiction and a lack of proper venue and the interests of justice weigh in favor of transfer rather than dismissal[.]" *Id.* at 796.

The Fifth Circuit has held that "[w]here a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

Finally, with respect to § 1404, the Fifth Circuit "construe[s] the discretionary transfer language of § 1404(a) to permit transfer for the convenience of the parties and in the interest of justice of cases with proper venue even if no personal jurisdiction existed in the transferring court." *Aguacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978). In *Aguacate*, the Fifth Circuit held that this remained true even where the "case was originally removed from a [] state court without personal jurisdiction." *Id.* at 525.

Here, the Court lacks personal jurisdiction over the Defendant. Likewise, the Middle District of Louisiana is not a proper venue for this action. *See* § 1391(b). Defendant is not a "resident" of this judicial district, (Doc. 12-2 at 1), nor did the events giving rise to the claim occur in this district, (*see* Doc. 1). No party disputes that this action could have been brought in the Eastern District of Virginia, given that Defendant has stated to the Court that its principal place of business is in Reston, Virginia. (Doc. 12-2 at 1.)

Plaintiff argues that a transfer is appropriate under § 1404(a). Fifth Circuit precedent, however, leads the Court to examine this matter under § 1631. *See Franco*, 3 F.4th 788. "The sole issue therefore becomes whether the interests of justice are promoted by transfer as opposed to

8

dismissal." *Withers v. City of Aberdeen*, No. 23-01510-BAJ-SDJ, 2024 U.S. Dist. LEXIS 229186, at *9, 2024 WL 5159887, at *3 (M.D. La. Dec. 18, 2024) (Jackson, J.) (citing *Harutyunyan*, No. 19-41, 2019 U.S. Dist. LEXIS 186104, at *9, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019) (Morgan, J.)). The Court looks to whether "(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Id.* (quoting *Harutyunyan*, 2019 U.S. Dist. LEXIS 186104, at *9, 2019 WL 5551901, at *4). Here, the Court finds that the interests of justice favor transfer. A dismissal without prejudice would adversely affect judicial economy. In addition, as Plaintiff argues, a dismissal that permits Plaintiff to refile in the Eastern District of Virginia could still present harm to the private interests as well—delays could put Plaintiff at risk of statutory limits to filing, Plaintiff would be obligated to pay an additional filing fee, and both parties would face additional burdens to their time and resources. A transfer best serves both the public and private interests in this case.

V. **CONCLUSION**

**IT IS ORDERED** that the *Plaintiff's Motion to Transfer Venue* (Doc. 17-1) filed by Plaintiff Dedra Louis is **GRANTED**. The *Defendant's Rule 12(b)(2) Motion to Dismiss* (Doc. 12) is **DENIED AS MOOT**. This matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

Signed in Baton Rouge, Louisiana, on January 30, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

9